IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
KIMBERLY DANIEL and STEVEE      *
ROBINSON, individually and on   *
behalf of the estate of         *
Stephen Gerard Daniel,          *
                                *
     Plaintiffs,                *
                                *   CV 121-040
     v.                         *
                                *
HOMER BRYSON, STAN SHEPARD,     *
RANDY BROWN, TIMOTHY YOUNG,     *
and MARY ALSTON,                *
                                *
     Defendants.                *
```

**O R D E R**

Presently before the Court is Defendants' motion for partial judgment on the pleadings (Doc. 32). For the following reasons, the motion is **GRANTED**.[1]

**I. BACKGROUND**

Plaintiffs are the co-administrators of the estate of their father, Stephen Gerard Daniel ("Decedent"), who died of "septic shock representing a complication of paraplegia . . . and Crohn's [D]isease" while in Georgia Department of Corrections ("GDOC")

---

[1] Defendants had previously filed a motion for partial summary judgment (Doc. 29) and a subsequent motion to withdraw that motion (Doc. 31). They sought to re-file Doc. 29 as the present motion for judgment on the pleadings (Doc. 32) to correct a filing error. The Court **GRANTS** Defendants' motion to withdraw (Doc. 31) and **DENIES AS MOOT** Defendants' motion for partial summary judgment (Doc. 29).

custody. (Doc. 1, at 8.) They allege their father's death was caused by "the horrific medical treatment [he] had received while in the Georgia State penal system." (Id. at 6.) As a result, they bring this suit for alleged violations of Decedent's Eighth and Fourteenth Amendment rights – specifically, Defendants' deliberate indifference to Decedent's serious medical needs and their failure to adequately train and supervise – and negligence under the Georgia Tort Claims Act ("GTCA"). (Id. at 20-24.) Defendants do not raise any dispute of material fact (they seek to dismiss only the GTCA claim for want of subject matter jurisdiction); so, the Court declines to further explore the factual allegations in this case. (Doc. 32.) It addresses the motion below.

## II. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunningham v. Dist. Att'y's Off. for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010) (citation omitted). "The legal standards applicable to Federal Rule of Civil Procedure 12(c) motions for judgment on the pleadings and Rule 12(b)(6) motions to dismiss are the same." Marshall v.

2

Safeco Ins. Co. of Ind., No. CV 112-113, 2013 WL 12155468, at *1 (S.D. Ga. Apr. 16, 2013) (citing Roma Outdoor Creations, Inc. v. City of Cumming, 558 F. Supp. 2d 1283, 1284 (N.D. Ga. 2008)). Therefore, when considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading[] and . . . view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citation omitted).

> Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"

Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)).

### III. SOVEREIGN IMMUNITY

Plaintiffs' GTCA claim alleges Decedent died "as a direct result of . . . Defendants' negligence." (Doc. 1, at 23.) Defendants ask the Court to dismiss that claim under the theory of sovereign immunity, found in the Eleventh Amendment to the United

3

States Constitution. (Doc. 32, at 2.) Plaintiffs failed to respond to the motion.[2]

The Eleventh Amendment "bar[s] suits against a state by citizens of that state . . . absent express consent by the state or valid congressional abrogation of immunity." White v. Fulton Cnty., 760 F. App'x 915, 917 (11th Cir. 2019) (citing U.S. CONST. amend. XI; Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984)). Generally, "The Eleventh Amendment does not protect state employees sued in their individual capacity for employment-related acts." Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994) (citations omitted). The GTCA, however, provides that "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor"; in those cases, a plaintiff "must name as a party defendant only the state government entity for which the state officer or employee was acting and shall not name the state officer or employee individually." O.C.G.A. § 50-21-25(a)-(b). Because the state is the proper party defendant, sovereign immunity is implicated – which means Plaintiffs' claim can only stand if the state has

---

[2] The Court notes that when a party fails to respond to a motion, the Court generally deems the motion unopposed. L.R. 7.5, SDGa. Here, however, Defendants' motion is based on the Court's alleged lack of subject matter jurisdiction. Accordingly, the Court must determine whether subject matter jurisdiction exists. See Seaborn v. State of Fla., Dep't. of Corr., 143 F.3d 1405, 1407 (11th Cir. 1998) ("[A]n assertion of Eleventh Amendment immunity must be resolved before a court may address the merits of the underlying claims." (alterations and citation omitted)).

4

waived its sovereign immunity. And as this Court has repeatedly held, the GTCA's limited waiver of that immunity does not extend to actions in federal courts. O.C.G.A. § 50-21-23(b); See, e.g., Woodard v. Adams, No. CV619-120, 2021 WL 2125279, at *3 (S.D. Ga. May 25, 2021) (citing O.C.G.A. § 50-21-23(b)), *report and recommendation adopted*, 2021 WL 2673663, at *1 (S.D. Ga. June 29, 2021); and Williams v. Ga. Dep't. of Corr., No. CV611-011, 2012 WL 2839454, at *5 (S.D. Ga. May 2, 2012) (citing O.C.G.A. § 50-21-23(b)), *report and recommendation adopted*, 2012 WL 2839402 (S.D. Ga. July 10, 2012). As a result, Plaintiffs' GTCA claim is barred and must be **DISMISSED**.[3]

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion for partial judgment on the pleadings (Doc. 32) is **GRANTED**. Further, Defendants' motion to withdraw (Doc. 31) is **GRANTED**, and Defendants' motion for partial summary judgment (Doc. 29) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this 5th day of April, 2022.

*/s/ J. Randal Hall*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[3] Having dismissed the claim for lack of subject matter jurisdiction, the Court declines to address Defendants' remaining arguments that Defendants would be immune from suit in Georgia state or superior court. (See Doc. 32, at 5-7.)

5